J-S49030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH MAZZUCCA | |
| Appellant | No. 3237 EDA 2018 |

Appeal from the PCRA Order Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004285-2008

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 19, 2019**

Appellant, Keith Mazzucca, appeals from the October 10, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The record reflects that, on May 6, 2009, Appellant entered a negotiated plea of guilty to third-degree murder, unlawful possession of a firearm, and possession of an instrument of crime.[1]  The trial court imposed an aggregate 25 to 50 years of incarceration.  Appellant did not file a direct appeal.  Appellant filed a timely first PCRA petition on April 26, 2012 and the PCRA

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2502(c), 6108, and 907, respectively.

court denied relief on October 10, 2013. Appellant did not appeal from that order.

Appellant filed the instant, counseled petition, his second, on June 21, 2017. The petition is facially untimely,[2] and on August 22, 2018, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. Appellant did not respond, and the PCRA court entered the order on appeal on October10, 2018. This timely appeal followed.

Appellant's present petition is based on after-discovered evidence, and he argues that it is timely on that basis.[3] Specifically, Appellant claims that the 2017 conviction of Detective Ronald Dove—for withholding information and tampering with evidence in the investigation of Detective Dove's girlfriend—entitles Appellant to relief because Detective Dove was involved in obtaining Appellant's confession.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Mason***,

---

[2] The PCRA requires that any petition filed thereunder be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Appellant does not dispute that his petition his facially untimely.

[3] The PCRA provides an exception to the one-year deadline where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

130 A.3d 601, 617 (Pa. 2015). In order to establish that his petition was timely pursuant to § 9545(b)(1)(ii), Appellant must establish that it is based on an unknown fact that he could not have discovered any earlier through due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii); *Commonwealth v. Smallwood*, 155 A.3d 1054, 1060 (Pa. Super. 2017), *appeal dismissed*, 185 A.3d 963 (Pa. 2018). Appellant must also establish that he filed his petition within 60 days of the first day on which he could have presented the claim of newly discovered evidence. 42 Pa.C.S.A. § 9545(b)(2).[4]

Detective Dove pled guilty on April 25, 2017 to charges arising from illegal acts he committed while working as a detective in the homicide unit. Appellant filed the instant petition on June 21, 2017, within sixty days of Detective Dove's plea. Appellant's petition fails, however, to allege that he could not have learned of the improprieties any sooner than the date of Detective Dove's guilty plea. "A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). Here, Appellant's petition ignores the issue of due diligence. Likewise, his brief on appeal ignores the issue even though the PCRA court found that Appellant

---

[4] Section 9545(b)(2) has been amended, effective December 24, 2018, to permit the petition to be filed within one year of the first date on which the claim could have been presented.

- 3 -

failed to allege or establish his exercise of due diligence. Given the clear holding in **Marshall**, we conclude that Appellant's failure to explain his exercise of due diligence rendered his petition untimely.

Furthermore, Appellant could not obtain relief even if his petition were timely. To obtain a new trial based on after discovered evidence, the petitioner must establish that the evidence: "(1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict." **Commonwealth v. Castro**, 93 A.3d 818, 821 (Pa. 2014).

Where, as here, the claim is based on the improprieties of an investigating police officer, the petitioner must demonstrate a nexus between the improprieties and the petitioner's claim for relief. In **Commonwealth v. Foreman**, 55 A.3d 532 (Pa. Super. 2012), for example, the petitioner claimed he was entitled to relief because a detective who investigated him was facing charges for false swearing, obstructing administration of law, and other offenses in the discharge of his police duties. **Id.** at 535. The petitioner's conviction rested primarily on the testimony of the charged police detective. This Court affirmed the denial of relief, noting that the detective's subsequent charges would serve only as impeachment evidence. **Id.** at 537. Furthermore, we reasoned that the petitioner "failed to show any nexus

between his case and [the detective's] alleged[5] misconduct in an incident, which occurred more than two years after [the petitioner's] conviction." **Id.** at 537-38. In other words, the petitioner failed to show that the after-discovered evidence would have been likely to produce a different verdict.

Similarly, in **Commonwealth v. Soto**, 983 A.2d 212 (Pa. Super. 2009), **appeal denied**, 17 A.3d 1253 (Pa. 2011), the petitioners alleged that a police department chemist had been pilfering confiscated pain pills for her own use. **Id.** at 213. We affirmed the denial of collateral relief, inasmuch as the chemist's misconduct postdated the petitioner's crimes by several years. **Id.** at 214. Petitioners' convictions involved cocaine, heroin, and marijuana, whereas the chemist's pilfering involved painkillers such as OxyContin, Percocet, and Vicodin. **Id.** Furthermore, "in each case […] there either was a drug analysis by other chemists as well, a field test performed by the arresting officers, or other evidence that corroborated the drug transaction." **Id.** at 215.

Instantly, Detective Dove's arrest, which happened on January 22, 2015 (PCRA Court Opinion, 12/4/18, at 2), postdated Appellant's October 24, 2007 crime by more than seven years. Furthermore, Appellant's case is far weaker

---

[5] We observe that **Foreman** illustrates that it is not premature for a petitioner to seek relief prior to the conviction of an allegedly corrupt police officer. This further reinforces our conclusion that Appellant should have explained why he could not have learned of the charges against Detective Dove any earlier than the date of his guilty plea.

than that of the petitioner in **Foreman**, because Appellant's conviction did not rest primarily Detective Dove's testimony. Appellant argues that Detective Dove and others coerced his confession[6] and used the confession to obtain a warrant to search Appellant's home. Appellant's Brief at 6. The record confirms only that Detective Dove obtained a signed waiver of rights form from Appellant the night before his confession. N.T. Guilty Plea, 5/6/09, at 13-15.[7] Appellant's confession was recorded by two other offices the following day. **Id.** Given the minimal involvement of Detective Dove in Appellant's confession, we conclude, in accord with **Foreman**, that Appellant has failed to establish any nexus between his conviction and Detective Dove's subsequent misconduct.

Apparently in hope of avoiding this conclusion, Appellant asserts that other members of the homicide unit (none of whom he alleges were involved

---

[6] Any claim as to the coercive tactics clearly is untimely as Appellant was aware of the circumstances of his confession as soon as he gave it.

[7] At the guilty plea hearing, the Commonwealth offered for the record a copy of Appellant's waiver of rights form and his confession. N.T. Guilty Plea, 5/6/09, at 13-16. These documents appear in the certified record as exhibits, but they are not numbered or lettered. These exhibits confirm that Appellant executed a waiver of rights with Detective Dove on January 17, 2008, which he completed at 10:59 a.m. Guilty Plea Exhibits, Waiver of Rights Form, 1/17/08, at 1. Appellant once again waived his rights and offered his confession to Detectives Howard Peterman and James Burns on January 18, 2018. Guilty Plea Exhibits, Appellant's Confession, 1/18/08, at 1. We observe that Appellant stated he was well treated while at the homicide unit and that he told Detective Dove on January 17, 2008 that he wanted some time to think before making a statement. **Id.**

in his case) have been convicted of various forms of official misconduct and that these convictions are evidence of the homicide unit's routine practice of corruption that would be admissible in a new trial pursuant to Pa.R.E. 406.[8] Appellant's Brief at 10. Appellant argues, on this basis, that the proffered after-discovered evidence would not be used merely for impeachment purposes. We discern two problems with Appellant's response. First, as with the criminal charges against Detective Dove, Appellant fails to explain why he could not have learned of this evidence any earlier through the exercise of due diligence. Thus, his petition is untimely as to any misconduct committed by any member of the homicide unit. Second, even if we accept Appellant's argument that he would not offer habit and routine practice evidence merely for impeachment purposes, he could not obtain a new trial. Appellant does not claim that any convicted former officer, other than Detective Dove, worked on Appellant's case. Thus, he cannot establish a nexus, and he has failed to

_____

[8] Rule 406 provides:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or there was an eyewitness.

Pa.R.E. 406.

establish the likelihood of a different verdict,[9] as per our analysis in **Foreman** and **Soto**.[10]

For all of the foregoing reasons, we discern no error in the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19

---

[9] In addition to the lack of a nexus between Detective Dove's misconduct and Appellant's conviction, we observe that police recovered the murder weapon from Appellant's person during the execution of a search warrant for his home, and that the Commonwealth intended to introduce the testimony of the person who was with Appellant at the time of his arrest, and to whom Appellant confessed committing the murder. N.T. Guilty Plea, 5/6/09, at 12-13, 16-17.

[10] In his petition, Appellant cited **Commonwealth v. Jackson**, 2257 EDA 2014 (Pa. Super. September 14, 2015), in which this Court remanded for a hearing on a PCRA petition involving Detective Dove. In that case, Detective Dove testified that the petitioner shot at him. The petitioner was convicted of one count of attempted murder based on Detective Dove's testimony. For that reason, we concluded the petitioner's petition warranted an evidentiary hearing. **Id.**, unpublished memorandum, at 25-28. **Jackson**, which is not binding in any event, is inapposite because none of Appellant's convictions depended on Detective Dove's testimony.